UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| WEB Management LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-424 (VLB) |
| Arrowood Indemnity Company, | : | |
| Defendant. | : | March 5, 2008 |

### MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS [Doc. #26]

The plaintiff, WEB Management LLC ("WEB"), brings this action against the defendant, Arrowood Indemnity Company ("Arrowood"),[1] asserting four causes of action including breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a et seq. Arrowood now moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons hereinafter set forth, the motion is DENIED.

---

[1] The reinsurance program underlying this dispute was created by Alternative Risk Transfer Insurance Strategies, Inc. ("ARTIS"), a business unit of Royal & SunAlliance USA ("Royal"). Security Insurance Company of Hartford ("Security") was the successor in interest to ARTIS and Royal for the subject reinsurance program. This action was commenced against Security on March 19, 2007. [Doc. #1] Arrowood merged with Security on September 27, 2007, [Doc. #44] became the successor in interest to the reinsurance program, and on December 14, 2007, substituted for Security as the defendant in this action. [Doc. #45] It is not presently in dispute that Arrowood is the successor in interest to ARTIS, Royal or Security under the subject reinsurance program. For purposes of this motion, references to Arrowood encompass actions taken by ARTIS, Royal or Security, to which it is the successor in interest.

1

## I. Facts

The following allegations from the complaint are accepted as true for purposes of this motion. The present action arises from an off-shore captive reinsurance program known as a Rent-A-Captive ("RAC") program. In 1999, WEB contracted with Arrowood to create the RAC program. Instead of incorporating its own captive reinsurance company, Arrowood reinsured with a rent-a-captive known as Universal Reinsurance Company, Ltd. ("Universal"), pursuant to Bermuda legislation enacted in 1974. Universal and WEB posted letters of credit in favor of Arrowood to secure the loss fund and risk assumption layer of the RAC program. Upon completion of the term, Arrowood was required to return the letters of credit to WEB and Universal after deducting sufficient funds to cover its liabilities. The RAC program granted Arrowood the exclusive authority to release the letters of credit.

The RAC program ran from January 1, 1999, through December 31, 1999. After the program ended, Arrowood conducted a review and found that no claims or liabilities remained and that WEB and Universal had satisfied their obligations under the RAC program. On April 15, 2005, Arrowood resolved that the letters of credit should be returned and that a fixed sum was due to WEB.

Arrowood and Universal have entered into six other RAC programs not the subject of this dispute to which WEB is not a party. Arrowood has asserted it is legally entitled to use WEB's letter of credit to indemnify other alleged losses suffered in the unrelated RAC programs. WEB has repeatedly requested that

Arrowood return the letter of credit. Arrowood has refused to return WEB's letter of credit. Arrowood is the only party that has the power and authority to release the letter of credit. WEB brought this action against Arrowood asserting breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty and violation of CUTPA. Arrowood moves to dismiss the breach of fiduciary duty and CUTPA counts pursuant to Rule 12(b)(6).

## II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotation omitted). The pleading shall not be dismissed merely because recovery seems remote or unlikely. Bernheim, 79 F.3d at 321.

In deciding a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

### III. Fiduciary Duty

Arrowood moves to dismiss WEB's breach of fiduciary duty claim because the parties entered into a run of the mill contractual relationship under which no fiduciary duty could exist as a matter of law. WEB contends that the RAC program created a unique business relationship conferring a dominant position of authority on Arrowood and exclusive control over WEB's property.

"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 38 (Conn. 2000) (internal quotations omitted). "[N]ot all business relationships implicate the duty of a fiduciary." Macomber v. Travelers Prop. Cas. Co., 261 Conn. 620, 640 (Conn. 2002). "The law will imply fiduciary responsibilities only where one party to a relationship is unable to fully protect its interests or where one party has a high degree of control over the property or subject matter of another and the unprotected party has placed its trust and confidence in the other." Hi-Ho Tower, 255 Conn. at 41.

WEB alleges that the RAC program was structured in such a manner so that Arrowood was placed in a uniquely dominant position over WEB and its letter of credit, and that WEB relied on Arrowood to protect its interests. The exclusive authority to release WEB's letter of credit is subject to the unfettered discretion of Arrowood. Importantly, the RAC program not only obligates

4

Arrowood to act on behalf of WEB, but also places WEB's property, in the form of the letter of credit, under Arrowood's control.

At this preliminary stage of the litigation, the court cannot conclude that WEB can prove no set of facts consistent with the allegations of the complaint showing that Arrowood owed a fiduciary duty to WEB. Upon further discovery, Arrowood may produce facts sufficient to show that the parties entered into a generic contractual relationship negotiated at arms-length that, as a matter of law, does not create a fiduciary relationship. If so, WEB will suffer the consequences at the summary judgment phase of the proceedings.

Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of WEB, the motion to dismiss count three is DENIED. The RAC program placed Arrowood in a uniquely dominant position over WEB's property sufficient to create a fiduciary relationship between the parties.

## IV.  CUTPA

In count four, WEB alleges that Arrowood engaged in an unfair trade practice by wrongfully withholding WEB's letter of credit to satisfy the debts of other entities in violation of CUTPA. Arrowood moves to dismiss the CUTPA claim because the facts alleged represent a generic contract dispute that cannot as a matter of law state a CUTPA claim.

CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade

or commerce." Conn. Gen. Stat. § 42-100b(a). In determining when a practice is unfair, Connecticut courts consider three factors: "1) [w]hether the practice . . . offends public policy . . . ; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (competitors or other businessmen)." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (Conn. 1990). "[A]ll three Criteria . . . do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Meyers v. Cornwell Quality Tools, 41 Conn. App. 19, 35 (Conn. App. 1996) (quoting Cheshire Mortg. Serv., Inc. v. Montes, 223 Conn. 80, 106 (Conn. 1992)); see also Associated Inv. Co. LP. v. Williams Ass. IV, 230 Conn. 148, 156 (Conn. 1994).

WEB alleges that Arrowood is wrongfully withholding its letter of credit despite acknowledging that WEB fulfilled its obligations under the RAC program. Further, Arrowood is withholding the funds to satisfy the debts of unrelated parties incurred in the course of unrelated business transactions. The court finds that, as pled, this admittedly wrongful commandeering of property is immoral, unethical, oppressive, or unscrupulous. It also invokes a number of valid public policies such as WEB's ability to use and control its property and a sense of fair dealing inherent in every business relationship.

Arrowood is correct that a mere breach of contract does not violate CUTPA. Omni Corp. v. Sonitrol Corp., 476 F. Supp. 2d 125, 129 (D. Conn. 2007).

However, the existence of a fiduciary duty distinguishes the RAC program from a simple contractual dispute and offers the protections that CUTPA provides.  See Ostrawski v. Avery, 243 Conn. 355, 379 (Conn. 1997); Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 493 (Conn. 1995); 12 Robert M. Langer et al., Connecticut Practice Series: Connecticut Unfair Trade Practices 300 (2003) ("Where the breach of fiduciary duty claim is established . . . the facts that are so resolved are seemingly then the basis for establishing a CUTPA violation").  As discussed above, WEB has stated a claim for breach of fiduciary duty under the RAC program.

Accordingly, the motion to dismiss count four is DENIED.  WEB has sufficiently pled a CUTPA violation in alleging that Arrowood acted unethically and oppressively in violation of public policy by breaching its fiduciary duty under the RAC program.

## VI.  Conclusion

Based on the aforementioned reasons, the motion to dismiss is DENIED. WEB has pled sufficient facts to distinguish the RAC program from a generic contractual relationship and stated claims for breach of fiduciary duty and a CUTPA violation.  This ruling does not in any way prejudice Arrowood's ability to reassert its arguments at the summary judgment phase after the completion of factual discovery.

IT IS SO ORDERED.

/s/
**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: March 5, 2008.**